IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIEL LAMONT JOHNSON,       )
                             )
            Petitioner,      )
                             )
                             )       CIV-07-1013-F
v.                           )
                             )
JUSTIN JONES, Director,       )
                             )
            Respondent.      )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for Robbery with Firearms, Shooting with Intent to Kill, and Kidnaping entered against him in the District Court of Oklahoma County, Case No. CF-2004-4536, pursuant to his guilty plea. Respondent has moved to dismiss the Petition on the ground that the Petition is time-barred, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the following reasons, it is recommended that the Petition be dismissed as it is time-barred.

1

In ground one of his Petition, Petitioner contends that he is entitled to habeas relief because his plea was not knowingly and voluntarily entered "due to his lack of education and his inability to read or write."  In ground two, Petitioner contends that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel because his counsel failed to "make the court aware of defendant's mental state" due to his "below a 6th grade level of education" and his inability to read.

The record presented by the parties shows that Petitioner appeared in court with his defense attorney on October 19, 2004, and entered a guilty plea to charges of Robbery with Firearms, Shooting with Intent to Kill, and Kidnaping.  In a written Plea of Guilty and Summary of Facts form Petitioner stated that he was 23 years old and had completed the ninth grade. Brief in Support of Motion to Dismiss, Ex. 1.  The form reflects Petitioner's understanding of the trial rights he was waiving by entering the plea and his understanding of the plea agreement. Id.  Petitioner provided a written account of the factual basis for the plea and stated that the plea was being entered of his own free will and without any coercion or compulsion of any kind. Id.  Petitioner's plea was accepted by the court, and Petitioner was sentenced consistent with the plea agreement to serve sentences of 25 years of imprisonment, 25 years of imprisonment, and 10 years of imprisonment, respectively, with the sentences to be served concurrently. Id., Ex. 2.  Petitioner did not appeal his convictions in Case  No. CF-2004-4536.  He filed a motion for judicial review on October 14, 2005, seeking modification of his sentence. Id., Ex. 3. This motion was denied on November 23, 2005. Id., Ex. 4.  Petitioner applied for post-conviction relief on August 3, 2006, and the

application was denied by the district court on November 3, 2006. Id., Exs. 5, 6. Petitioner

did not appeal that decision.  On March 16, 2007, Petitioner filed a second application for

post-conviction relief in the district court.  Id., Ex. 7.  His application was denied on April

3, 2007. Id., Ex. 8. Petitioner appealed this decision to the Oklahoma Court of Criminal

Appeals ("OCCA"), and in a decision entered May 29, 2007, the OCCA affirmed the district

court's denial of post-conviction relief.  Id., Exs. 9, 10.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state

and federal prisoners were substantially amended by the enactment of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  The

AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing

of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court

judgment. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief,

Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy,

521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the

AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to

run from "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review."  The one-year limitations period is

tolled for "[t]he time during which a properly filed application for State post-conviction relief

or other collateral review with respect to the pertinent judgment or claim is pending...." 28

U.S.C.  §2244(d)(2).   Additionally,  the  one-year  limitations  period  may  in  rare  and

extraordinary circumstances  "be subject to equitable tolling." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert. denied</u>, 525 U.S. 891 (1998).

Petitioner pled guilty in Case No. CF-2004-4536 on October 19, 2004. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based convictions entered against him in that case, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on October 30, 2004, ten days after the pronouncement of the judgment and sentence.  <u>See</u> Okla. Stat. tit. 22, §1051; Rule 4.2, <u>Rules of the Oklahoma Court of Criminal Appeals</u>, Okla. Stat. tit. 22, ch. 18, App.(requiring defendant to file an application to withdraw guilty plea within ten days of the judgment and sentence in order to commence appeal from conviction based on guilty plea).  The one-year limitations period applicable to the Petitioner's filing of a federal habeas petition expired one year later, on October 30, 2005, absent statutory or equitable tolling exceptions.

Although Petitioner sought judicial review of his sentences pursuant to Okla. Stat. tit. 22, § 982a, prior to the expiration of the statute of limitations, such a motion seeks discretionary sentence review and the denial of this motion is not appealable.  Therefore, "motions to modify a sentence [in Oklahoma] do not constitute post-conviction proceedings that toll the limitations period." <u>Clemens v. Sutter</u>, 230 Fed.Appx. 832, 2007 WL 1271908, *2 n. 1 (10th Cir. May 2, 2007)(unpublished op.).   Petitioner did not seek post-conviction relief until August 3, 2006.  His post-conviction application filed in the state district court after the limitations period had expired did not operate to toll the statute of limitations. 28 U.S.C. § 2244(d)(2); <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-1143 (10th Cir. 2001)(post-

conviction application filed after expiration of one-year limitations period does not toll running of limitations period).  For the same reason, Petitioner's second post-conviction application filed March 16, 2007, did not serve to toll the limitations period because it was filed after the pertinent one-year limitations period expired.

Petitioner did not file his habeas Petition until September 13, 2007, long after the one-year limitations period had expired. In this circuit, the §2244(d)(1) limitations period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).   In Miller, the circuit court contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetence," may warrant equitable tolling of the §2244(d)(1) limitations period. Id. at 978.  Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  The Tenth Circuit Court of Appeals has also recognized that §2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978.  Accord, Gibson, 232 F.3d at 808.

Petitioner's responsive pleading addresses only the merits of his federal habeas claims and does not show any extraordinary circumstances beyond his control that prevented the filing of a timely habeas petition. Moreover, he has not shown a substantial likelihood that

he is actually innocent or diligent pursuit of his federal claims.  Accordingly, Petitioner is not entitled to equitable tolling of the limitations period.  Based on the foregoing findings, the Petition should be dismissed as it is barred from federal habeas review by operation of 28 U.S.C. § 2244(d).

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 17th___ , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___26th___ day of ___November___ , 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE